DEVORMER v. CITY COMMISSION OF THE CITY OF GRAND RAPIDS.

CONSTITUTIONAL LAW—TAXATION—REFUNDS OF SPECIAL ASSESSMENTS—FINAL JUDGMENT—VESTED RIGHTS.

Plaintiffs, property owners who had been subjected to special assessments for cost incurred incident to improvement of certain city streets which were designated and used as State trunk line highways prior to enactment of statutes providing funds for such highways and authorizing refunds to those who had already paid their assessment but who had not prosecuted

to final judgment proceedings to obtain such refunds before enactment of a subsequent statute withdrawing right thereto, would not be entitled to refunds as they were not possessed of vested rights; hence they were not deprived of due process of law, equal protection of the laws, nor were their contractual obligations impaired as contended (1 Comp. Laws 1929, § 3594, as amended by Act No. 8, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 13, Pub. Acts 1939; § 4651, as amended by Act No. 7, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 12, Pub. Acts 1939).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 10, 1940. (Docket No. 86, Calendar No. 40,853.) Decided June 4, 1940.

Claims by Albert Devormer and others against City Commission of the City of Grand Rapids for refund of sums paid on special assessments. Claims denied. Claimants appealed to the Superior Court of Grand Rapids. From order entered, claimants appeal. Affirmed.

*Williams, Stiles & Tubbs, Butterfield, Keeney & Amberg, Knappen, Uhl, Bryant & Snow, Hilding & Baker, Joseph Kirwin, McAllister & McAllister* and *T. Gerald McShane,* for plaintiffs.

*Ganson Taggart* and *Earl F. Phelps* (*Clifford C. Christenson,* of counsel), for defendant.

*James H. Lee,* Assistant Corporation Counsel, City of Detroit, *William J. Balgooyen,* City Attorney of Muskegon Heights, *Lewis Kearns,* Assistant City Attorney of Flint, and *William A. Ewart,* City Attorney of Pontiac (Committee designated by Michigan Association of Municipal Attorneys), *amici curiae.*

NORTH, J.  Plaintiffs are or were owners of property adjacent to streets in the city of Grand Rapids

which were opened, widened or improved prior to 1934, and plaintiffs either paid or became obligated for payment of special assessments levied on their respective properties for cost incurred incident to such opening, widening or improving. Each of such streets were designated and used as State trunk line highways prior to the passage of Acts Nos. 7 and 8, Pub. Acts 1934 (1st Ex. Sess.). (See Comp. Laws Supp. 1935, § 3594 [Stat. Ann. § 7.309], and Comp. Laws Supp. 1935, § 4651 [Stat. Ann. § 9.1449].) In August, 1938, the Grand Rapids city commission by publication gave notice for filing claims: "To all parties interested in refunds of special taxes paid, cancellation of taxes for special improvements based on or claimed under Acts Nos. 7 and 8, Pub. Acts 1934 (1st Ex. Sess.), and acts amendatory thereof." Plaintiffs filed their respective claims. Public hearings were had and after due consideration the city commission by resolution denied plaintiffs' claims. Thereafter plaintiffs appealed to the superior court of Grand Rapids and that court, after hearing, affirmed the determination of the city commission. From the judgment entered, plaintiffs prosecute this appeal.

In the main the trial court reached its decision as the result of its determination that Acts Nos. 12 * and 13, † Pub. Acts 1939, have made the repayment or cancellation of the special assessments on plaintiffs' respective properties discretionary with the city commission of Grand Rapids. Appellants contend that this holding was erroneous, asserting it deprives them of property without due process of law, it im-

---

* Act No. 12, Pub. Acts 1939, amends 1 Comp. Laws 1929, § 4651 as amended (Comp. Laws Supp. 1940, § 4651).—REPORTER.

† Act No. 13, Pub. Acts 1939, amends 1 Comp. Laws 1929, § 3594 as amended (Comp. Laws Supp. 1940, § 3594).—REPORTER.

pairs the obligation of a contract, and denies them equal protection of the law. Appellants' contentions above noted all turn upon the question as to whether Acts Nos. 12 and 13, Pub. Acts 1939, which gave the city commission of Grand Rapids discretion in the matter of repaying or cancelling these special assessments, are constitutional. This question has been answered in the affirmative in *Wylie* v. *City Commission of Grand Rapids, ante,* 571. We therein held that persons situated as are the plaintiffs in the instant case were not possessed of vested rights. Since plaintiffs were not possessed of vested rights, their contentions as to being deprived of property without due process of law, having their contractual obligations impaired, or being denied equal protection of the law are without force.

The judgment entered in the trial court is affirmed with costs to appellee.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.